WRIGHT, J.
The practice act of the 8th March, 1881 (29 O. L. 78), prescribes the method of appealing from the Common Pleas to the Supreme Court, and requires as a general rule that notice be entered on the records of the court at the judgment term of the intention to appeal, and that a bond be filed within thirty days after the close of the term. It provides, fuz’tber, that in no ease shall executors or administrators be compelled to give bond, in order to perfect an appeal. Four days after this, the act defining the duties of executors and administrators was passed, in which it is provided: 1. That the executors and administrators appointed within any of the United States or territories, may prosecute any suit in this state in their fiduciary capacity, in the same manner, and under the same regulations, as non-residents are permitted to sue; and secondly, that executors and administrators, who have given bond in this state, may prosecute appeals from one court to anothei, without giving bail on the appeal: (29 O. L. 241, 2.) Both these acts took effect on the same day. Our laws require non-resident suitors to procure freehold security for costs before the writ is served: (29 O. L. 59, 69, 130, 187.) Take these pz-ovisions together and they would seem to provide: 1. That foreign administrators or executors may sue in our couz-ts by giving security for costs. 2, That in no case shall they be compelled to give bond to perfect an appeal from one court to another-. 3. That in all cases where they have given bond in this state, they may appeal without giving an appeal bond. The two last provisions bear directly on the question before us. They are not entirely consistent with each other-, and seem to be repugnant. Where administrators have given general security in this state, no appeal bond shall be required, and in no case shall they be compel-698] *led to give bond to perfect an appeal. If the design of the legislature was simply to allow administrators to appeal without bond, the pz-ovisions of the first law, the practice act, were abundant. Something else, then, was in view in forming the second.
*723 The object of the appeal bond is security to 'the appellee. Citizens and non residents are prohibited the advantage of an appeal without security, when they proceed in their own rights. All administrators appointed in our state, give security for the faithful discharge of their duty. The bonds given by them are controlled by our state authorities. Executors may, at the option of the probate court, be required to give security. Did not the legislature intend to rely upon the general security of these fiduciaries, when given, and require the same security as should be required from individuals, when not given? We incline to that construction of the acts as the only one according with our general policy, or that will carry out the intention of the legislature. What good reasons can be urged for allowing privileges to foreign administrators, which are ■denied to our own citizens.
The appeal is quashed.